UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LEVIT,<br><br>    Plaintiff,<br><br>v.<br><br>NATURE'S BAKERY, LLC,<br><br>    Defendant. | Case No. 24-cv-02987-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: ECF No. 15 |

Before the Court is Defendant Nature's Bakery, LLC's motion to dismiss. ECF No. 15. The Court will grant the motion in part and deny it in part.

## I. BACKGROUND

For purposes of deciding this motion, the Court accepts as true the following factual allegations contained in Plaintiff Andrew Levit's complaint.

"Nature's Bakery manufactures and sells various flavors of 'fig bars'" ("Products").[1] ECF No. 1 ¶ 1. The packaging for Nature's Bakery Products includes the statements "Wholesome Baked In," "equal parts wholesome and delicious," "what we bake in is as important as what we leave out," "simple snacks made with real ingredients," and "the best fuel for active . . . lives." *Id.* The packaging also includes a "'heart' vignette next to depictions of real, whole fruit, and also displays a 'Whole Grains Council' stamp." *Id.* Levit provides the following example of the packaging:

---

[1] "The Products include at least the following flavors: Raspberry, Blueberry, Original Fig, Apple Cinnamon, Strawberry, Peach Apricot, and Pumpkin Spice; and the same flavors in 'Gluten Free' varieties." ECF No. 1 ¶ 1 n.1.



*Id.* ¶ 16. Levit alleges that Nature's Bakery's claims are false and highly misleading because "[w]hile representing that the Products are healthy," the Products are actually high in sugar, excessive consumption of which is "toxic to the human body." *Id.* ¶¶ 2–3. Specifically, "the Products [] contain 19g of total sugar per serving. Of those grams of sugar, 14 grams are added sugars, representing 28% of the total calories in the Products." *Id.* ¶ 2.

Levit brings claims, on behalf of himself and a putative class, under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500; and Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770(a); as well as common law claims for breach of express warranty, breach of the implied warranty of merchantability, negligent and intentional misrepresentation, and unjust enrichment.

ECF No. 1.

Nature's Bakery now moves to dismiss Levit's claims under Federal Rule of Civil Procedure 12(b)(6). ECF No. 15.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1332(d).

## III. REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Judicial notice and incorporation by reference are exceptions to this rule. *Id.*

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002. Incorporating a document by reference may be proper "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (citation omitted).

Nature's Bakery seeks judicial notice of the entirety of the product label (including the Nutrient Facts and ingredient list) and argues that the Court can consider it under the incorporation-by-reference doctrine. ECF No. 15 at 11 n.1. Levit does not object to the Court's consideration of the entirety of the product label. Because the product label forms the basis of Levit's claims, the Court incorporates it by reference.

## IV. LEGAL STANDARD[2]

"Dismissal under [Federal Rule of Civil Procedure] 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint must

---

[2] The motion is styled as having been made under Rules 8, 9(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 15 at 8. Beyond that single reference to Rule 12(b)(1), however, there is no discussion of the Court's jurisdiction. The Court therefore disregards the reference to Rule 12(b)(1).

3

1  contain "a short and plain statement of the claim showing that the pleader is entitled to relief."
2  Fed. R. Civ. P. 8(a)(2).  Facts pleaded by a plaintiff "must be enough to raise a right to relief
3  above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive a
4  motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a
5  claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting
6  *Twombly*, 550 U.S. at 570)).  "A claim has facial plausibility when the plaintiff pleads factual
7  content that allows the court to draw the reasonable inference that the defendant is liable for the
8  misconduct alleged." *Id.*  In determining whether a plaintiff has met this plausibility standard, the
9  Court must "accept all factual allegations in the complaint as true and construe the pleadings in the
10 light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.
11 2005).

## V. DISCUSSION

### A. The FAL, UCL, and CLRA Claims

The FAL prohibits any "untrue or misleading" advertising.  Cal. Bus. & Prof. Code § 17500.  The UCL prohibits "any unlawful, unfair or fraudulent business act or practice[;] and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  "The UCL creates a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent.  Each 'prong' of the UCL provides a separate and distinct theory of liability." *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1063 (N.D. Cal. 2017) (internal citations omitted).  The CLRA proscribes a number of "unfair methods of competition and unfair or deceptive acts or practices . . . by any person in a transaction."  Cal. Civ. Code § 1770(a).  "Under the FAL, the CLRA, and the fraudulent prong of the UCL, conduct is considered deceptive or misleading if the conduct is 'likely to deceive' a 'reasonable consumer.'" *Hadley*, 273 F. Supp. 3d at 1063 (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)).  "Because the same standard for fraudulent activity governs all three statutes, courts often analyze the three statutes together." *Id.*

Levit's UCL, CLRA, and FAL claims are based on the following allegedly deceptive statements on the Products' labels:

- "Wholesome Baked In"

- "equal parts wholesome and delicious"
- "what we bake in is as important as what we leave out"
- "simple snacks made with real ingredients"
- "the best fuel for active . . . lives"
- A "heart" vignette, and
- Display of a "Whole Grains Council" stamp.

ECF No. 1 ¶ 15. He alleges that these statements and images, when taken together, create health and wellness representations that are misleading because the Products contain excessive added sugars making them "not healthy." *Id.* ¶ 83. Nature's Bakery moves to dismiss because the statements are not actionable and are not deceptive. The Court reviews each argument in turn.

### 1.     Whether the Challenged Statements are Actionable

Nature's Bakery contends that each of the statements at issue constitutes individually non-actionable puffery. ECF No. 15 at 15–18. Levit disagrees. ECF No. 17 at 22.

"'Puffing' is exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997) (internal quotation marks omitted). "[A] statement that is quantifiable, that makes a claim as to the 'specific or absolute characteristics of a product,' may be an actionable statement of fact while a general, subjective claim about a product is non-actionable puffery." *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008) (quoting *Cook, Perkiss, & Liehe v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246 (9th Cir. 1990)). A factual representation is one that makes "a specific and measurable claim, capable of being proved false." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999). The Ninth Circuit requires district courts to analyze the "specificity or generality of the claim." *Newcal Indus., Inc.*, 513 F.3d at 1053. It also requires district courts to consider how the statement "contributes . . . to the deceptive context of the packaging as a whole." *Williams*, 552 F.3d at 939 n.3 (declining to give defendant "the benefit of the doubt by dismissing the statement as puffery"). "Whether a statement is puffery or a representation of fact is a question of law that can be properly decided on a motion to dismiss." *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 555 (N.D. Cal. 2019) (citing

5

1  *Cook*, 911 F.2d at 245).

2  Several of the statements Plaintiff challenges make unmeasurable, subjective claims about Nature's Bakery Products on which no reasonable buyer would rely. First, the statement "what we bake in is as important as what we leave out" is an unmeasurable opinion. Second, Levit has taken the statements "simple snacks made with real ingredients" and "best fuel for active . . . lives" out of context. In fact, the full statement reads: "Started by father and son bakers, *we believe* simple snacks made with real ingredients are the best fuel for active, joyful lives." ECF No. 1 ¶ 16 (emphasis added). Considered in context, this subjective statement of belief is also puffery.

The same is true for the heart vignette on the label. Although Levit claims that the heart vignette implies that the products are "heart-healthy," ECF No. 17 at 25, Nature's Bakery contends that "We 'Heart' Figs" in conjunction with a heart vignette is puffery because the use of the heart vignette is to convey that "Nature's Bakery loves figs." ECF No. 15 at 17. The Court agrees with Nature's Bakery because the heart vignette "make[s] no specific or measurable claim and thus [is] mere puffery." *Weiss v. Trader Joe's Co.*, No. 18-cv-1130-JLS-GJS, 2018 WL 6340758, at *4 (C.D. Cal. Nov. 20, 2018), *aff'd sub nom. Weiss v. Trader Joe's*, 838 F. App'x 302 (9th Cir. 2021) (rejecting plaintiff's argument that plus symbols on product labels are a "universal sign of gaining health," and finding that the use of the plus symbols was mere puffery).

With respect to the "Whole Grains Council" stamp, Nature's Bakery argues that Levit does not claim that "anything about the 'Whole Grains Council' stamp is false or that the Products do not contain the stated amount of whole grains." ECF No. 15 at 17–18. Although the stamp is a "factual representation" because it is "capable of being proved false," Levit has not challenged the veracity of the claim. Instead, he contends that the "stamp contributes to the overall message that the Products are healthy." ECF No. 17 at 25. The Court finds that there is nothing deceptive or misleading about the use of the "Whole Grains Council" stamp, and that its use is not actionable.

The remaining statements use the word "wholesome." Levit argues that the word is part of a "health and wellness claim." ECF No. 17 at 12. Nature's Bakery responds that the word "wholesome" is puffery in the context of the entire label. For example, "[t]he statement that 'Our

6

snacks are equal parts wholesome and delicious' is not a measurable factual statement about anything, much less one that is true or false." ECF No. 18 at 14.

In deciding whether the statements that include "wholesome" constitute puffery, two cases are instructive: *Chacanaca v. Quaker Oats Company*, 752 F. Supp. 2d 1111 (N.D. Cal. 2010) and *Hadley v. Kellogg Sales Company*, 273 F. Supp. 3d 1052 (N.D. Cal. 2017). In *Chacanaca*, plaintiffs asserted that Quaker Oats Company's Chewy Bars product contained "dangerous amounts of trans fat" but were labeled and marketed to suggest that they were in fact wholesome and healthful. 752 F. Supp. 2d at 1114. Among other statements, plaintiffs focused on Quaker Oats's statement on the Chewy Bars box that the bars were "wholesome," and "a good source of calcium and fiber." *Id.* at 1115. "[P]laintiffs attack[ed] . . . the general descriptor 'wholesome' as . . . being deceptive." *Id.* at 1123. Quaker Oats responded that the term "wholesome" was "so vague and general that a reasonable consumer would not be misled." *Id.* at 1125. The court agreed with plaintiffs, finding that stating that "a product with (allegedly) dangerous additives is nonetheless 'wholesome' . . . arguably *could* mislead a reasonable consumer." *Id.* at 1125–26 (emphasis in original). The court found that, at the motion to dismiss stage, "the term 'wholesome' cannot be deemed to constitute non-actionable puffery." *Id.* at 1126.

In *Hadley*, plaintiff brought false advertising claims against Kellogg with respect to the packaging of its breakfast cereals and cereal bars. 273 F. Supp. 3d at 1059. Plaintiff alleged that the packages stated that Kellogg's products were healthy when excess added sugar caused those products to be unhealthy. *Id.* Plaintiff focused on the statements on Kellogg's labels involving the terms "WHOLESOME SATISFACTION," "the wholesome goodness you need to shine your brightest," "the nutrients our bodies want to work and feel their best," "essential nutrients," "delicious & nutritious," "positively nutritious," and "unbelievably nutritious." *Id.* at 1082. The question for the *Hadley* court was whether the statements were puffery. *Id.* The court noted that "[o]n the one hand, these statements are vague and generalized to some extent because it is difficult to measure whether a product contains 'essential' nutrients, is nutritious, or is wholesome." *Id.* (citation omitted). But "[o]n the other hand . . . , each of these statements implies that the product is healthy or provides health benefits when these statements are placed on

7

the packaging for a food product." *Id.* at 1082–83. Following *Chacanaca*, and in light of the deferential standard at the motion to dismiss stage, the court concluded that because "the terms 'nutritious,' 'essential nutrients,' and 'wholesome' might cause a reasonable consumer to think that a product is healthy, the Court cannot conclude as a matter of law that no reasonable consumer would rely on these statements." *Id.* at 1083. Accordingly, the statements were found not to be puffery. *Id.*

The court then went a step further, however, with regard to the statements "unbelievably nutritious" and "positively nutritious," which it described as "the exceptions to the above principle." *Id.* The court noted that "these two statements use the adverbs 'unbelievably' and 'positively' before the word nutritious" and found that these adverbs "cause the statements containing 'nutritious' to be puffery." *Id.* at 1084. After all, "[t]he use of the words 'unbelievably' and 'positively' sound much more like advertising lingo, that is, exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely." *Id.* (citation and internal quotation omitted). "Thus, such statements do not describe specific or absolute characteristics of a product, but rather involve [g]eneralized, vague, and unspecified assertions." *Id.* (citation and internal quotation omitted).

Here, the word "wholesome" is used in two phrases: "Wholesome Baked In" and "equal parts wholesome and delicious." Thus, the question here is whether the addition of the words "baked in" or "equal parts . . . and delicious" render the word "wholesome" puffery. The Court finds that they do not. Unlike words such as "unbelievably" and "positively," the additional language is not "exaggerated advertising, blustering, [or] boasting." *Hadley*, 273 F. Supp. 3d at 1084. Rather, the language merely conveys or emphasizes the "wholesome" quality of Defendant's products in different ways. *See Atik v. Welch Foods, Inc.*, No. 15-CV-5405-MKB(VMS), 2016 WL 11480151, at *9–10 (E.D.N.Y. Aug. 5, 2016) (finding the phrase "In this tradition of wholesome goodness" not to constitute puffery), *report and recommendation adopted*, No. 15-CV-5405-MKB(VMS), 2016 WL 5678474 (E.D.N.Y. Sept. 30, 2016); *In re Milo's Dog Treats Consol. Cases*, 9 F. Supp. 3d 523, 531 (W.D. Pa. 2014) (finding the phrase "100% Real—Wholesome and Delicious" not to constitute puffery). Accordingly, the Court finds that the word

8

"wholesome," as used on Nature's Bakery's labels, is not puffery.

### 2. Whether the Challenged Statements are Deceptive

Levit next claims that when the challenged statements are read together and in context of the other statements on the label, they express or convey a deceptive health claim. ECF No. 1 ¶ 83. Levit's core contention is that he was deceived because "the labeling of the Products led him to believe the Nature's Bakery bars were a healthy choice for a snack or meal replacement," but the "the Products are not healthy, and instead contain such high levels of added sugar that their regular consumption is likely to increase the risk of chronic disease." ECF No. 1 ¶¶ 82–83; ECF No. 17 at 13–14. Nature's Bakery argues that these statements are not deceptive for two related reasons: (1) the "Product labels do not say that the Products are 'healthy,' or make any statement that the Products are low in sugar or have no added sugar," ECF No. 15 at 13; and (2) the "Nutrition Facts and ingredient list . . . provide clear and accurate information about the actual sugar content in the product," *id.* at 14.

"[Levit's] claims under the California consumer-protection statutes are governed by the 'reasonable consumer' test." *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) (citing *Gerber*, 552 F.3d at 938). To survive a motion to dismiss under that standard, the plaintiff must plead facts sufficient to show that the "alleged misrepresentations are 'likely to deceive' reasonable consumers." *Broomfield v. Craft Brew All., Inc.*, No. 17-CV-01027-BLF, 2017 WL 3838453, at *5 (N.D. Cal. Sept. 1, 2017) (quoting *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)). "Courts have recognized that the deceptive nature of a business practice . . . is usually a question of fact that is inappropriate for . . . a motion to dismiss." *Id.* However, "[c]ourts granting motions to dismiss under the reasonable consumer test are upheld in 'rare situations.'" *Id.* (quoting *Gerber*, 552 F.3d at 938–39). A plaintiff must allege "more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Brod v. Sioux Honey Ass'n, Coop.*, 927 F.Supp.2d 811, 828 (N.D. Cal. 2013) (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)). That is, the reasonable consumer standard requires a probability "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the

circumstances, could be misled." *Lavie*, 105 Cal. App. 4th at 508.

Turning to the claim at issue, this Court is persuaded by the substantial number of district courts, including in this district, that have found deception plausibly alleged where a food label proclaims a product to be healthy but in fact allegedly contains unhealthful levels of sugar. *See, e.g.*, *Krommenhock v. Post Foods, LLC*, 255 F. Supp. 3d 938, 964 (N.D. Cal. 2017) ("the crux of plaintiffs' claims is that Post's use of prominent marketing terms expressly or implicitly advertising the products as healthy were misleading because the amount of sugar in the product made those claims false"); *LeGrand v. Abbott Lab'ys*, 655 F. Supp. 3d 871, 891 (N.D. Cal. 2023) ("LeGrand alleges that Ensure Nutrition Drinks are marketed with labeling representing the products as healthy food choices, such as 'nutrition shake,' 'Complete, Balanced Nutrition' 'Complete, Balanced Nutrition for everyday health,' and '#1 Doctor Recommended,' but that the labels are misleading because the products are harmful to overall health based on their added sugar content. . . . Drawing all inferences in LeGrand's favor, the Court finds it plausible that such statements could mislead reasonable consumers into believing the products are healthy."); *Johnson-Jack v. Health-Ade LLC*, 587 F. Supp. 3d 957, 968 (N.D. Cal. 2022) (denying motion to dismiss claims of deceptive labeling where drinks were promoted as "healthy" but allegedly contained unhealthy amounts of sugar). The Court reaches the same conclusion here.

Nature's Bakery argues that its labels are not deceptive because "the Products' labels contain the federally mandated Nutrition Facts panel and ingredient list, which declare the presence of sugar and the exact amount of sugar per serving, providing plaintiff . . . with precise information on sugar in the exact location that consumer [sic] know to look." ECF No. 15 at 9. However, as another court has noted, "[t]he fact that the actual sugar content of [the product] was accurately stated in an FDA-mandated label on the product does not eliminate the possibility that reasonable consumers may be misled." *Ackerman v. Coca-Cola Co.*, No. CV-09-0395 (JG), 2010 WL 2925955, at *16 (E.D.N.Y. July 21, 2010).

The Ninth Circuit squarely addressed this issue in *Gerber*. Plaintiffs there "challenged the use of the words 'Fruit Juice' juxtaposed alongside images of fruits such as oranges, peaches, strawberries, and cherries," noting that "the product contained no fruit juice from any of the fruits

10

1    pictured on the packaging and . . . the only juice contained in the product was white grape juice
2    from concentrate." 552 F.3d at 936. The label also described the product as "nutritious," but the
3    two most prominent ingredients were corn syrup and sugar. *Id.* The Ninth Circuit rejected
4    defendants' contention that no reasonable consumer could have been misled by the product
5    because the ingredients were specifically identified on the FDA-mandated panel, stating:

> [R]easonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box. . . . We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception. Instead, reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging.

*Gerber,* 552 F.3d 934, 939–40. So here, the presence of Nature's Bakery's ingredients list, while relevant, "does not as a matter of law extinguish the possibility that reasonable consumers could be misled by [Nature's Bakery's] labeling and marketing." *Ackerman*, 2010 WL 2925955 at *16.

Nature's Bakery urges the Court to apply *McGinity v. Procter & Gamble Co.*, but that case does not compel a different result. 69 F.4th 1093 (9th Cir. 2023). In *McGinity*, the front label of defendant's product contained the phrase "Nature Fusion." *Id.* at 1095. Based on that representation, plaintiffs alleged that defendant's packaging "represents that the Products are natural, when, in fact, they contain non-natural and synthetic ingredients, harsh and potentially harmful ingredients, and are substantially unnatural." *Id.* at 1096. The Ninth Circuit affirmed the dismissal of plaintiffs' claims, not only because the product's synthetic ingredients were clearly listed on the back label of the product, but also because the phrase "Nature Fusion" was ambiguous. That ambiguity meant that a reasonable consumer would have looked at the ingredient label to determine what "Nature Fusion" meant, including which ingredients the product contained. *Id.* at 1099 ("We hold that when, as here, a front label is ambiguous, the ambiguity can be resolved by reference to the back label."). Nature's Bakery does not allege that the word "wholesome" is ambiguous and a reasonable consumer would therefore not need to consult the product label to determine its meaning.

11

In short, the Court finds that Levit has adequately pleaded, at this stage of the litigation, that Nature's Bakery's "wholesome" claims could deceive a reasonable consumer.

### 3. Fraudulent Omission Theory

In addition to his claims that the health and wellness representations are deceptive, Levit also alleges that Nature's Bakery failed to reveal material facts including the "detrimental health consequences of consuming the Products." ECF No. 1 ¶ 79. Nature's Bakery moves to dismiss this claim because Levit failed to allege that "Nature's Bakery had a duty to disclose general health or dietary information on its product labels." ECF No. 15 at 18.

"Omissions may be the basis of claims under California consumer protection[] laws, but 'to be actionable the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose.'" *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018) (quoting *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (2006)). With regard to the former theory, Levit claims that "Nature's Bakery failed to disclose the increased risk of serious chronic disease and death that is likely to result from consumption of the Products in the customary and prescribed manners." ECF No. 17 at 14. This is not contrary to any representation made by Nature's Bakery.

To the extent Levit relies on the latter theory, a "defendant only has a duty to disclose when either (1) the defect at issue relates to an unreasonable safety hazard or (2) the defect is material, 'central to the product's function,' and the plaintiff alleges one of the four *LiMandri* factors." *Hayden v. Bob's Red Mill Nat. Foods, Inc.*, No. 23-CV-03862-HSG, 2024 WL 1643696, at *9 (N.D. Cal. Apr. 16, 2024) (quoting *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1085 (N.D. Cal. 2022)). The *LiMandri* factors are "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997). While the complaint plausibly alleges that high levels of sugar mean the products are not wholesome, it does not plausibly allege that eating Nature's Bakery's fig bars in anything like "customary" amounts will cause death or serious

1   injury. And Plaintiff otherwise fails to identify any basis for a duty to disclose by Nature's
2   Bakery. *See* ECF No. 17 at 14. Plaintiff's omissions claims are dismissed.

### B.  Breach of Implied Warranty

"[A] plaintiff asserting a breach of warranty claim must allege facts sufficient to show that: (1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached." *Mattero v. Costco Wholesale Corp.*, 336 F. Supp. 3d 1109, 1115 (N.D. Cal. 2018) (citing *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227 (2010)). Similarly, "[t]he implied warranty of merchantability can be violated [if the product] does not '[c]onform to the promises or affirmations of fact made on the container or label.'" *LeGrand*, 655 F. Supp. 3d at 897 (quoting Cal. Com. Code § 2314(2)).

Nature's Bakery moves to dismiss Levit's breach of warranty claim, arguing that Levit "does not specify the terms that actually appeared on the labels that formed the basis of his warranty claims." ECF No. 18 at 17 (citing *McMorrow v. Mondelez Int'l, Inc.*, No. 17-CV-02327-BAS-JLB, 2018 WL 3956022, at *13 (S.D. Cal. Aug. 17, 2018)). But Levit *does* identify the terms in question: Nature's Bakery's representations, that, *inter alia*, the Products are wholesome and healthy. ECF No. 1 ¶ 147. Nature's Bakery's motion to dismiss on this ground is denied.[3]

### C.  Negligent and Intentional Misrepresentation

Under California law, "[t]he elements of negligent misrepresentation are: '(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" *Aton Ctr., Inc. v. United Healthcare Ins. Co.*, 93 Cal. App. 1214, 1245–46 (2023) (quoting *Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007)). "The elements of intentional misrepresentation 'are (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage.'" *Id.* at 1245 (quoting

---

[3] Nature's Bakery's other arguments regarding this claim were abandoned on reply.

1  *Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 230–31 (2013)).

2  Nature's Bakery moves to dismiss Levit's claims for fraud and negligent misrepresentation on the grounds that Levit fails to meet the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure. ECF No. 15 at 24. For example, Levit "fail [sic] to allege fraudulent intent, what specific reasonable expectation they drew from the representations, and how specifically their expectations in the products were frustrated by what they received." *Id.*

District courts in the Ninth Circuit are split on the question of whether Rule 9(b)'s heightened pleading standard applies to negligent misrepresentation claims under California law. *Compare, e.g.*, *Petersen v. Allstate Indem. Co.*, 281 F.R.D. 413, 416–419 (C.D. Cal. 2012) (criticizing line of cases applying 9(b) to negligent misrepresentation claims and holding that 9(b) does not apply to negligent misrepresentation claims) *with Castillo v. GEICO Ins. Agency, LLC*, No. 24-CV-06550-BLF, 2025 WL 445799, at *2 (N.D. Cal. Feb. 10, 2025) ("This Court agrees with those district courts that have applied Rule 9(b) to negligent misrepresentation claims."). "While the Ninth Circuit has not decided the issue, a growing trend of authority applies Rule 8, and not Rule 9(b), to a California law negligent misrepresentation claim." *Saari v. Hygenic Corp.*, No. 8:18-CV-00216-JLS-KES, 2019 WL 994403, at *2 (C.D. Cal. Jan. 9, 2019) (internal quotation, citation, and alterations omitted). This Court adheres to its view that Rule 9(b) does not apply to negligent misrepresentation claims. *See Ronpak, Inc. v. Elecs. for Imaging, Inc.*, No. 14-CV-04058-JST, 2015 WL 179560, at *4 (N.D. Cal. Jan. 14, 2015). Nature's Bakery's motion to dismiss Levit's negligent misrepresentation claim is therefore denied.

Turning to Levit's claims for intentional misrepresentation, Levit alleges that "Nature's Bakery is a sophisticated marketing company that is well aware that consumers are generally willing to buy and to pay more for foods they perceive as being healthy," ECF No. 1 ¶ 13; that Defendant "knew that the misrepresentations were misleading, or . . . acted recklessly in making the misrepresentations, without regard to their truth," and "intended that Plaintiff and other consumers rely on these misrepresentations," *id.* ¶¶ 13, 167–68; and that Defendant "intentionally placed" the deceptive advertising "on the Products' labeling with the intent to induce average consumers into purchasing the Products," *id.* ¶ 85. Combined with the allegations discussed above

14

1    that Defendant's label statements were deceptive, Plaintiff has plausibly alleged intentional
2    misrepresentation.

### D.     Unjust Enrichment

Nature's Bakery argues that unjust enrichment is not a cause of action under California law. ECF No. 15 at 24. While California case law on this issue could be clearer, the Ninth Circuit "has construed the common law to allow an unjust enrichment cause of action through quasi-contract." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016) (citing *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)). "[Nature's Bakery] is therefore incorrect that the unjust enrichment claim should be dismissed solely on the ground that no such claim is cognizable under California law." *In re Toyota RAV4 Hybrid Fuel Tank Litig.*, 534 F. Supp. 3d 1067, 1120 (N.D. Cal. 2021) (quotation marks and citation omitted).

### E.     Plaintiff Has Plausibly Alleged Economic Injury

Nature's Bakery also moves to dismiss Levit's complaint on the ground that Levit fails to plausibly allege that he suffered an injury-in-fact sufficient to establish Article III standing. ECF No. 15 at 21. Specifically, Nature's Bakery argues that Levit "cannot allege that the challenged statements resulted in an economic injury." *Id.* It contends that "plaintiff received *exactly* the product he bargained for and his alleged injury only exists in his mind—plaintiff now says that he is aware that consuming too much added sugar is bad for your health and he no longer wishes to purchase products that contain what he believes to be a high amount of sugar." *Id.* (emphasis in original). Plaintiff's opposition does not address this argument.

To have standing under Article III of the Constitution, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

"In the context of false advertising, economic injury sustained as the result of transactions with the defendant constitute an 'injury in fact' sufficient to satisfy the standing requirement." *Shin v. Sanyo Foods Corp. of Am.*, No. 2:23-CV-10485-SVW-MRW, 2024 WL 4467603, at *3 (C.D. Cal. Aug. 13, 2024) (citing *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013)).

15

A "consumer who relies on a product label and challenges a misrepresentation contained therein can satisfy" this requirement "by alleging that he or she would not have brought the product but for the misrepresentation." *Hinojos*, 718 F.3d at 1104.

Levit alleges that he "would not have purchased the Products if he knew that the challenged labeling claims were false and misleading in that the Products are detrimental rather than beneficial to health." ECF No. 1 ¶ 86. "Similar allegations in the food labeling context have repeatedly been held sufficient to establish an economic injury for purposes of both constitutional and statutory standing." *Rice-Sherman v. Big Heart Pet Brands, Inc.*, No. 19-CV-03613-WHO, 2020 WL 1245130, at *6 (N.D. Cal. Mar. 16, 2020) (collecting cases).

Nature's Bakery's motion to dismiss on this ground is denied.

### F. Plaintiff Has Standing to Seek Injunctive Relief

Defendant further argues Plaintiff lacks Article III standing to seek injunctive relief. In the Ninth Circuit, "[a] previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase," where she plausibly alleges that "she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to" or that "she might purchase the product in the future, despite the fact that it was once marred by false advertising . . . as she may reasonably, but incorrectly, assume the product was improved." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969–70 (9th Cir. 2018).

Levit alleges that "[h]e would purchase the Products in the future if the Products were labeled truthfully, but unless Nature's Bakery is enjoined in the manner Plaintiff seeks, he may not be able to rely on Nature's Bakery's health and wellness claims in the future." ECF No. 1 ¶ 94. This allegation is sufficient to confer Article III standing. *See Johnson-Jack v. Health-Ade LLC*, 587 F. Supp. 3d 957, 976 (N.D. Cal. 2022) (finding Article III standing where the "nature of the alleged mislabeling claim (i.e., falsely portraying the product as healthy) suggests that the plaintiffs cannot rely on the labels on a going-forward basis."); *but see McCausland v. PepsiCo, Inc.*, No. 23-CV-04526-PCP, 2024 WL 3834389, at *10 (N.D. Cal. Aug. 14, 2024) ("As

sophisticated consumer litigants now aware of the relationship between the amounts of sugar disclosed on the bars' labels and their own health concerns, plaintiffs can avoid any future injury simply by reviewing the bars' labels.").

## CONCLUSION

For the reasons discussed above, the Court grants in part and denies in part Nature's Bakery's motion to dismiss. The Court grants leave to amend. Levit may file an amended complaint within 21 days of this order solely for the purpose of curing the deficiencies identified by this order. If Levit does not file an amended complaint, the Court will proceed only on the remaining causes of action.

**IT IS SO ORDERED.**

Dated: February 21, 2025

_____
JON S. TIGAR
United States District Judge

17